## WHITE *v.* E. P. GLEASON MANUF'G CO.

*(Circuit Court, S. D. New York.   June 21, 1883.)*

1. PATENTS FOR INVENTIONS—REISSUED PATENT INVALID.
   Reissued letters patent No. 7,286, granted to J. White, August 29, 1876, for a globe-holder, are invalid.
   *Gleason Manuf'g Co.* v. *White*, 8 FED. REP. 917, affirmed.

2. SAME—OFFICE OF DISCLAIMER.
   A disclaimer can add nothing to a patent.  It can take away from that which has been described as the invention and claimed as such, so as to be covered by the grant of the patent, but it has no office to make the patent cover anything, however clearly shown in the patent, not described and claimed as a part of the invention.

In Equity.

*M. Daniel Connolly,* for orator.

*Joseph C. Clayton,* for defendant.

WHEELER, J.   This suit is brought upon reissued letters patent No. 7,286, granted to the orator upon the surrender of original letters No. 162,731, dated April 27, 1875, for an improvement in globe-holders.   It has been before heard, and upon that hearing it was decided that the patent was invalid for want of novelty.   *White* v. *Gleason Manuf'g Co.* 8 FED. REP. 917; 19 O. G. 1494.   Since then the orator has filed a disclaimer, the cause has been opened, and the disclaimer, with some other proof, received in evidence, and a rehearing has been had upon the case so made up.   The disclaimer could add nothing to the patent.   It could take away from what was described as the invention and claimed as such, so as to be covered by the grant of the patent, but it had no office to make the patent cover anything, however clearly shown in the patent, not so described and claimed as a part of the invention.   The patent was for an improvement in globe-holders, not for a globe-holder as a new thing.   The improvement consisted in elastic arms, with hooks or catches at the ends for receiving and holding the lower edge of the globe.   The patentee, in his specification, said:

"My invention consists broadly of a globe or gas shade-holder or support, formed with spring or elastic arms, terminating in hooks or catches, for embracing the lower edge or flange around the neck or lower opening of the globe or gas shade.   These arms are to be fastened to a burner in any suitable manner, as by riveting through a disk having a central aperture, through which said burner passes."

There were two claims; the first was for a globe-holder having such arms, and the second was for a globe-holder having a disk or center, with an aperture for the burner and such arms.   It is obvious that he did not think he had invented anything but these arms, and did not intend to, and did not, in fact, describe and claim anything but globe-holders with such arms as his.   He did not intend to, and did

not, in fact, patent any center.   The disclaimer strikes out the words "broadly," and "in any suitable manner as," in the description, and the word "or" in the second claim.   These changes make both the description and claim cover the disk as a center, with the arms riveted to it, as a part of the invention.   Such spring-arms in globe-holders were not new, if disk centers were, but were shown in letters patent No. 90,287, dated May 18, 1869, and granted to Charles M. Mitchell for an improvement in lamp shade-holders, and in globe-holders made according to that patent, and were found to have been shown in the defendant's Exhibit C, C, in the former decision, although that finding is now somewhat open again, upon a further examination of some of the witnesses.   The effect of the disclaimer is to change the invention covered by the patent from the arms to the center.   If the arms had been new he could have a patent for globe-holders with such arms, and if the centers were new he could for such centers; but having taken a patent for globe-holders with such arms, he could not, by disclaimer, change it to a patent for a globe-holder with such centers, although the centers were well shown.   Such changes appertain to reissues and not to disclaimers.   This view renders it unnecessary to re-examine the question as to Exhibit C, C, or to decide whether the disk center of Mitchell's patent and globe-holder is a full anticipation of the one now claimed in this patent.

Let there again be a decree dismissing the bill of complaint, with costs.