### FISCHER v. AUTOMOBILE SUPPLY MFG. CO., Inc.

(District Court, E. D. New York. August 29, 1912.)

COURTS (§ 351*)—DISCOVERY (§ 88*)—PLEADING (§ 367*)—ACTION FOR INFRINGEMENT—PROCEDURE.

The defendant, in an action at law for infringement of a patent, *held* entitled to have the complaint made definite and certain with respect to the article alleged to be an infringement, but not to an examination of the plaintiff before answer, nor to have plaintiff produce for its examination the alleged infringing article.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. § 351;* Discovery, Cent. Dig. §§ 113, 114; Dec. Dig. § 88;* Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

At Law. Action by Charles Fischer against the Automobile Supply Manufacturing Company, Incorporated. On motions by defendant that the complaint be made more definite and certain and for an examination of plaintiff. Former motion sustained, and latter denied.

F. Warren Wright, for plaintiff.

C. A. L. Massie and Ralph L. Scott, for defendant.

CHATFIELD, District Judge. The plaintiff has sued the defendant, alleging infringement of letters patent No. 969,660, granted September 6, 1910, and shown by the record upon this motion to have to do with a flexible metal tubing or shaft. Infringement is alleged in Brooklyn, at the regular place of business of the defendant, at No. 224 Taafe Place, both since the issuance of said letters patent and prior thereto, with intent to so infringe.

The defendant now makes a motion for a preliminary examination of the plaintiff, or for examination of a specimen of the flexible shaft-

ing which the defendant is said to have sold as an infringement, and for other relief, including security for costs. Upon the argument it has asked that the complaint be made definite and certain, and that it be given a bill of particulars, for reasons which will appear hereafter.

The plaintiff has sued at law and expects to try the case before a jury. The procedure, therefore, while based upon jurisdiction in the federal courts over patent causes, will nevertheless conform, as near as may be, to the practice in the state courts, under section 914 of the Revised Statutes (U. S. Comp. St. 1901, p. 684). But in spite of this the defendant would not be entitled to an examination of the parties, unless its application be brought under the sections of the Revised Statutes providing for the taking of testimony. Hanks Dental Association v. International Dental Association, 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989.

Nor can it have an examination of the device in a case like the present. The defendant is not asking that some physical object be examined, in order that the evidence may be preserved for the purpose of trial, or that it may prepare for trial, under section 803 of the New York Code of Civil Procedure. It is rather attempting to learn what the plaintiff's evidence of infringement against it may be. If it is an infringer by sales in the ordinary course of business, then the knowledge of whether or not it has made these sales is within its own possession, and this motion should not be granted. Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842; Wilson v. New England Navigation Co. (D. C.) 197 Fed. 88, decided in this court, June 4, 1912.

But, before answering, the defendant is entitled to a definite and certain complaint, and is entitled to know that with which it is charged, so as to determine whether the information upon which its answer is to be drawn is within its own possession. The plaintiff has alleged infringement both before and after the letters patent referred to were granted. The defendant, in its correspondence and affidavits presented upon this motion, alleges the use and sale of no articles except those made under the Almond patent, No. 434,748, granted August 19, 1890, which has already expired, and the Scognamillo patent, No. 785,523, issued March 21, 1905, and upon the papers it would seem that the defendant has the right to operate under these patents, unless they are the object of attack.

The plaintiff should be required to particularize sufficiently, so that an issue can be raised, and so that the allegations of fact of the complaint can be definitely made out, for the purpose of framing the issue. If the plaintiff herein intends to charge that the general trade output of the defendant (viz., of articles made under the patents referred to) infringes the patent subsequently obtained by the plaintiff, or that the defendant has no right to use those patents, then he should state the acts which are alleged to be infringements, with sufficient definiteness so that the defendant may raise this issue.

On the other hand, if he claims that the defendant has infringed by the sale of articles differing from the patents claimed, or so changed that the defendant is not protected by those patents, and is infringing

the plaintiff's patent thereby, then failure on the part of the defendant to realize or to avoid the consequence of what it has been doing, or a desire to learn the extent of knowledge on the part of the plaintiff, is not sufficient reason to relieve the defendant from the liability of preparing to meet the charge when presented on the trial.

In other words, the court will not compel the plaintiff to disclose its evidence, but the motion will be granted to the extent of directing the plaintiff to make his complaint more definite and certain, as to whether the infringement is charged by the sale of articles admittedly corresponding or equivalent to the devices in the Almond and Scognamillo patents, or whether the devices sold by the defendant are claimed to differ from those patents, and to infringe that sued upon by the plaintiff.

The motion, in so far as it asks for other relief, must be denied.