FISHER v. AUTOMOBILE SUPPLY MFG. CO., Inc.

(District Court, E. D. New York. December 31, 1912.)

1. PATENTS (§ 155*)—DISCLAIMER.
    A patentee is not entitled by a disclaimer to obtain a reissue, and thus to avoid the scrutiny of the Patent Office.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 227½; Dec. Dig. § 155.*]

2. PATENTS (§ 328*)—INVENTION—FLEXIBLE HOLLOW SHAFT.
    The Schmidt and Grundmann patent, No. 969,660, for a flexible hollow shaft or tube, claims 1, 3, and 4, as changed by the disclaimer filed September 26, 1912, are void on their face for lack of invention in view of the prior art.

At Law. Action by Charles Fisher against the Automobile Supply Manufacturing Company for infringement of letters patent No. 969,660, for a flexible metal tube or shaft, granted to Schmidt and Grundmann September 6, 1910. On demurrer to amended complaint. Sustained in part.

See, also, 199 Fed. 191.

F. Warren Wright, of New York City, N. Y., for plaintiff.
C. A. L. Massie and Ralph L. Scott, both of New York City, N. Y., for defendant.

CHATFIELD, District Judge. In the present action, which was brought at law to recover damages for alleged infringement of patent, a previous motion requiring the plaintiff to amend his complaint, in order to make it more definite and certain with respect to certain patents of the prior art, resulted in the amendment of the complaint by the insertion of an allegation that the infringement complained of was not through the use of a device under the Almond patent, No. 434,748, granted August 19, 1890, or the Scognamillo patent, No. 785,523, granted March 21, 1905.

As was shown in the opinion upon which the motion was granted (D. C.) 199 Fed. 191, the complaint was indefinite, in that the defendant could not tell from the pleadings whether the plaintiff intended to allege that these patents were not a protection to the defendant, if he was manufacturing thereunder, or whether the plaintiff meant to allege that the defendant was making a structure, not in accordance with those patents. A further result of that motion was that upon the 26th day of September, 1912, the plaintiff filed with the Patent Office a disclaimer, in the following language:

"Except where the abutting surfaces of the two wires meet and rest against each other for a considerable area, and the radius of curves of the two abutting surfaces are of substantially the same radius." (As to claims 1 and 3.)

And:

"Except where the two concave lateral surfaces are of substantially the same radius." (As to claim 4.)

The claims of the Schmidt and Grundmann patent, No. 969,660, granted September 6, 1910, are as follows:

"1. A flexible hollow shaft, comprising in combination a spirally coiled wire of circular cross-section, and a spirally coiled body having concave lateral faces abutting against each turn or convolution of said wire.

"2. A flexible hollow shaft, comprising in combination a spirally coiled wire of circular cross-section, and a spirally coiled body having concave lateral faces between the turns or convolutions of said wire and abutting against the outside and the inside of each turn or convolution of the wire, as set forth.

"3. A flexible hollow shaft comprising in combination a spirally coiled wire of circular cross-section, and a spirally coiled body having concave lateral faces between the turns or convolutions of said wire and abutting against the outside of each turn or convolution of the wire, as set forth.

"4. In a flexible hollow shaft comprising in combination a spirally coiled wire of circular cross-section, and a spirally coiled wire having two concave lateral faces receiving the adjacent sides of the wire of circular cross-section, substantially as shown, and for the purpose specified."

While the claim of the Almond patent above referred to is as follows:

"2. The flexible tube composed of the inner coil $D$, combined with the outer coil $A$, of triangular cross-section, having concave faces $a$, the coil $D$ having curved faces $b$ corresponding to the concave faces $a$ of the coil $A$, the convolutions of the coil $A$ being interposed between the convolutions of the coil $D$, so that the concave faces $a$ $a$ are in contact with the convex faces $b$, substantially as herein shown and described."

Almond shows in his specifications the following method of making the outer coil:

"The triangle of the outer coil $A$ may be equilateral and straight-sided, as in Fig. 4; but I much prefer to make the contact-faces $a$ $a$, which butt against the coil $D$, of concave form, the curvature being on a circle of which the center lies in the axis of the mandrel $B$. This curved or concave triangle in contact with the inner coil $D$ is shown in Fig. 3 and has the advantage of giving a still greater contact-face and of producing a tighter joint when the tube is bent; but Fig. 5 shows a still better form in that the inner coil $D$ has contact-faces $b$ on the same curve as the contact-faces $a$ of the concave triangles $A$."

And it is evident that by this language of the Almond specification he has taught the method of construction shown by the Schmidt and Grundmann patent in claims 1, 3 and 4.

Inasmuch as the Almond patent has now expired, we need not consider whether this particular structure was properly covered by the general language of his claims, for, even if a charge of infringement could have been defeated upon that ground, nevertheless the right to use this method of construction was thereby given to the public, and could not be patented by Schmidt and Grundmann.

The defendant has interposed a demurrer to these claims of the Schmidt and Grundmann patent, charging, in substance, that by filing the disclaimer above referred to the Schmidt and Grundmann patent has been rendered invalid for lack of patentable novelty. As was held in the case of Towne Steering Wheel Co. v. Lee (C. C. A.) 199 Fed. 777, the power to sustain a demurrer of this nature is within the jurisdiction of this court, but should be exercised with the utmost cau-

tion, and any doubt should be resolved against the defendant. By the terms of the disclaimer, the only invention which can remain must be in the use of concave lateral surfaces on the outer coil of substantially the same radius as the abutting surfaces of the inner spirally coiled wire. (It cannot be presumed that the plaintiff intended to claim invention by having the entire concave surface of the external spirally coiled body made with a uniform radius, as that manifestly was the principle shown in every type of the Almond patent.)

Objection is presented by the defendant that the patentees disclosed only what was shown by their specifications and claims, and were entitled to such invention only as was stated in their original patent. . The defendant suggests that the invention now claimed as the result of this disclaimer was not the invention of the original patent, but rather is an attempt to avoid the effect of the defense already interposed in this suit by the defendant's reliance on the Almond patent.

[1] It may be assumed that a patentee is not entitled by a disclaimer to obtain a reissue, and thus to avoid the scrutiny of the Patent Office. White v. E. P. Gleason Mfg. Co. (C. C.) 17 Fed. 159, and Hailes v. Albany Stove Co., 123 U. S. 582, 8 Sup. Ct. 262, 31 L. Ed. 284. This ground of demurrer, however, adds nothing, if the claim itself as modified by the disclaimer does not show invention. If the court holds that no invention is shown, it is, of course, unnecessary to determine whether or not the original inventor intended to claim invention for the particular point now presented as the valid portion of his patent.

Further grounds of demurrer are based upon the alleged inability of the plaintiff to point out a material and substantial distinguishable and separate part of the thing patented. It is suggested that a disclaimer may be filed as to one claim, leaving the remaining claims as stated. It is said that a claim can be divided only where the part disclaimed refers to some definite separable portion of the device. But, again, it is impossible to determine whether a portion of the device patented here could be divisible, if the court holds that nothing has been patented.

The defendant also claims under his demurrer that the Schmidt and Grundmann patent is invalidated by the Almond patent in the form in which the original patent was issued to Schmidt and Grundmann; that, therefore, the Schmidt and Grundmann patent cannot be rendered valid as to a new claim by a disclaimer; and that the only way to test the issue of invalidity would be by application for a reissue, except as the question might be disposed of by a trial before the court. This is but another form of stating the same point which has been already passed upon, and if the disclaimer of a part (which can be separated and plainly ascertained) does not leave a definite claim of some patentable novelty, when tested by the prior art presented in the record, or which is a matter of common knowledge to the court, then the whole patent is invalid, and the disclaimer has not changed the situation.

The defendant urges that the delay of the plaintiff in filing a disclaimer until after the motion to amend, and even then for some time

201 F.—35

after it had become apparent that he could not prevail under the language of the original claims, should be made a basis for dismissing the complaint. But this does not seem to the court to be sufficient of itself. In the present case such delay or such tardy action indicates that the plaintiff could not hope to prevail upon his original patent. But by this tardy action he has limited himself to something which upon its face is invalid, when viewed from the language of the specifications of the Almond patent.

[2] As to claim 2 of the Schmidt and Grundmann patent, the pleadings do not show whether it is the basis of any charge of infringement against the defendant. The court is not able to determine upon the face of the patent, and, in the absence of the prior art, whether the alternate form of construction by which the outer spirally coiled wire is changed to a spirally coiled metallic member, which shall bear upon both inner and outer curved surfaces of the inner spiral coil, is a valid invention. The defendant alleges that on its face this second claim shows merely mechanical progress. But that issue should not be disposed of on demurrer.

The demurrer will be sustained as to claims 1, 3, and 4, but as to claim 2 the demurrer will be overruled, and the plaintiff may within five days amend further by charging infringement of that claim, if that be deemed advisable, and the defendant may have 10 days to answer thereto.