## MERSHON et'al. v. O'NEILL.
### No. 456.

Circuit Court of Appeals, Second Circuit.
Aug. 17, 1934.

Rehearing Denied Oct. 15, 1934.

Frank C. Cole, of New York City (Vernon M. Dorsey and Frank C. Cole, both of New York City, of counsel), for appellant.

Drury W. Cooper, C. Blake Townsend, and Sturges S. Dunham, all of New York City, for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought in equity to recover for the alleged infringement of patent No. 1,141,402, issued to Ralph D. Mershon June 1, 1915, for electrolytic apparatus employing filmed electrodes, and of patent No. 1,784,-674, issued to the same patentee December 9, 1930, and for an injunction. The Amrad Corporation, an exclusive licensee, was originally a party plaintiff and has since become Electro Formation, Inc., by a change of name. The defendant is an individual residing in the Eastern district of New York, where he conducts a radio service business under the name of Radio Service Engineers.

The claimed infringing articles are electrolytic condensers manufactured by the Sprague Specialties Company of North Adams, Mass., which, though not a party, is openly defending this suit. The act of the defendant which is said to have infringed these patents came about as follows: One Cumming, who was employed in Manhattan by an organization known as International Service Corporation which made patent and trade-mark investigations, was requested by one of the plaintiffs' attorneys to purchase some of the Sprague condensers in Brooklyn, N. Y. He made inquiries as to where in Brooklyn he could purchase them, and was told that the most logical place was the Radio Service Engineers. He then called that place by telephone from Manhattan and asked for six Sprague electrolytic condensers, eight microfarads. A clerk at the defendant's place of business informed him that they did not carry them in stock but could get them for him, and that was arranged. Accordingly, a special messenger was sent to a dealer in Manhattan not connected with the defendant and the condensers were there purchased. They were then taken to the shop of Radio Service Engineers in Brooklyn, where Cumming bought them a few days later. The price paid by Cumming was somewhat more than that paid by the defendant in New York. The condensers then obtained were of the so-called copper can type. Cumming took a Mr. Perner with him when he went to the defendant's shop for the condensers, and a few days later Perner called Radio Service Engineers and asked if he could get some Sprague electrolytic condensers, eight microfarads, in the nickel jacket. He was told that they would have to be ordered and that half the price must be paid in advance. Perner sent a money order for this amount, but it was returned with a refusal to supply the condensers.

The defendant has raised a preliminary question which must be disposed of before

the appeal may be considered on the merits. It is claimed that the District Court had no jurisdiction because the six condensers purchased by Cumming were brought into the Eastern district by the defendant and there sold to him at his special request and when both he and the defendant were acting as the agents of the plaintiffs. That Cumming was acting for the plaintiffs is perfectly plain. While in the Southern district where these condensers could be purchased, he took the trouble to find a place in the Eastern district where he could get them delivered to him and went there with a witness to make the purchase. Clearly he was so acting to lay the basis for an infringement suit in the Eastern district. The defendant had none of the condensers in stock and so far as appears never sold any others. The record is barren of any evidence to give a reason for believing that he intended to sell any others. Indeed, when Perner tried to buy some, his attempt failed. Even though the defendant was not the agent of the plaintiffs, this one isolated sale made at the request of the plaintiffs cannot be sufficient to support a suit in equity for an injunction and for damages. Section 37 of the Judicial Code (28 USCA § 80) requires the dismissal of a suit which does not really and substantially involve a dispute or controversy within the jurisdiction of the District Court. See Southern Textile Machinery Co. v. Wovenright Knitting Co. (D. C.) 44 F.(2d) 234.

The trial judge found that there was a sale of the six condensers, and we accept that as the fact. Casting aside for the moment the difficulty the plaintiffs would meet in an effort to recover any damages from a sale of infringing condensers which the defendant procured on special order for it alone, there are no facts to give equitable jurisdiction. The plaintiff's remedy, if it has any at all, is at law. The whole record negatives any threatened infringement by the defendant. He not only does not deal in the condensers claimed to infringe, but after once complying with the plaintiff's request to supply them has actually refused to procure any more. The circumstances which indicated a willingness to make similar sales in Hutter v. De Q Bottle Stopper Co. (C. C. A.) 128 F. 283, are totally absent here. It is clear that the defendant was unwittingly made a party to an attempt by the plaintiffs to lay the ground for a suit in the Eastern district of New York. Since further infringement is neither threatened nor to be reasonably apprehended, there is no basis for an injunction to restrain further infringement. Goshen Mfg.

Co. v. Hubert A. Myers Mfg. Co. (C. C. A.) 215 F. 594; Kennicott Water Softener Co. v. Bain (C. C. A.) 185 F. 520. Without that, there is no equity whatever in the bill, and the suit should have been dismissed. Jud. Code § 268 (28 USCA § 384).

Decree reversed, and complaint dismissed, with costs.

On Petition for Rehearing.

PER CURIAM.

The bill of complaint in this cause will not be dismissed. The decree is reversed, with costs. When our mandate goes down it will provide that the cause be transferred to the law side of the District Court, such alterations made in the pleadings as may be needed, and further proceedings had as in an action at law. 28 USCA § 397; Equity Rule 22 (28 USCA § 723). In view of this, the petition for rehearing is denied.