MERSHON et al. v. O'NEILL.

No. 6616.

District Court, E. D. New York.

Oct. 9, 1935.

See also (C. C. A.) 73 F.(2d) 68.

Cooper, Kerr & Dunham, of New York City (C. Blake Townsend, of New York City, of counsel), for plaintiffs.

Frank C. Cole, of New York City (Ellwood Colahan and Thomas H. Finn, both of New York City, of counsel), for defendant.

BYERS, District Judge.

This is a motion by defendant in an action at law to recover damages for the alleged infringement of Letters Patent of the United States Nos. 1,141,402 and 1,784,674 owned by the plaintiffs, for an order pursuant to rule 103 of the Rules of Civil Practice of New York, to strike from the amended complaint paragraph 22 thereof;

the paragraph is said to be redundant, irrelevant and prejudicial to the defendant.

Such a motion may be made in appropriate circumstances, as an incident to an action at law in the state courts.

■ At the threshold the plaintiffs object to the consideration by the court of this motion on the merits because the Conformity Act (28 U. S. C. 724, 28 USCA § 724) should be held not to govern. The provision is:

"§ 724. Conformity to practice in State courts. The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

The plaintiffs argue that this is not a "like cause" to any cognizable in the state courts, because therein no recovery can be had for alleged patent infringement.

That the federal courts have exclusive jurisdiction of such causes was said by the Supreme Court in Re Hohorst, 150 U. S. 653, at page 661, 14 S. Ct. 221, 37 L. Ed. 1211.

I should suppose that the words "like causes" in the Conformity Act had to do with substantive rights, and not with the form of a particular remedy; and that the reference in title 35 U. S. C. § 67 (35 USCA § 67) to the recovery of damages for patent infringement, by action on the case, would not be held to summon the Conformity Act into operation. However, the subject may be thought not to be open for consideration in this district because of what was said in Fischer v. Automobile Supply Mfg. Co. (D. C.) 199 F. 191, and Celluloid Mfg. Co. v. American Zylonite Co. (C. C.) 34 F. 744, to the contrary.

In deference to the views stated in those cases, which would not be shared herein if the matter were of first impression, the motion will be disposed of on the merits.

The paragraph to which the defendant objects is necessarily long, because it recites the legal steps taken when this cause was on the equity side of the court, wherein a trial was had, a decree entered, an appeal taken and decided, and the cause remanded by the Circuit Court of Appeals, 73 F.(2d) 68, and transferred to the law side of this court.

These matters of fact may or may not be relevant to the issues as now presented, according to the point of view. Clearly they cannot be deemed irrelevant in the legal sense. They are not redundant, nor prejudicial to the defendant in that they embody matters which would tend to the prejudice of the defendant within the contemplation of rule 103.

Probably the plaintiffs are entitled to an admission or denial of each of these allegations of fact, at least the court cannot decide to the contrary as presently advised.

■ There are conclusions however embraced within the paragraph in question, so framed as to require the defendant, in pleading, to characterize its own conduct. As to these, the motion will be granted, because the distinction between such matter and averments of fact is too clear to require discussion. The motion will be granted as to the last six lines, and the preceding three words, of page 21, beginning "and by his said acquiescence" and ending "trial by jury"; and as to the phrase on page 26, beginning after the first semicolon in line 7, reading "that by the aforesaid consent" etc., and ending at the next semi-colon, preceded by the closing words of the phrase "by the defendant."

■ There is a further allegation pleaded on the same page which calls upon the defendant to either admit or deny conclusions of law, namely all that intervenes between the semi-colon last above referred to, and the period which brings the paragraph to a close. The defendant should not rest under the necessity of pleading to these conclusions.

These passages should be stricken from paragraph 22, and as to them the motion is granted, otherwise denied.

Settle order, which is to provide for the filing and service of a second amended complaint within 10 days from service of the order.