CONSOLIDATED RUBBER TIRE CO. et al. v. DIAMOND RUBBER CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. March, 17, 1916.)

No. 175.

1. PATENTS ⬡319(1)—SUIT FOR INFRINGEMENT—DAMAGES.

Where a defendant has deliberately and persistently infringed a patent, even after its validity was established, any doubts as to the amount of damages for which it is liable will be resolved against it.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 578; Dec. Dig. ⬡319(1).]

2. PATENTS ⬡319(1)—INFRINGEMENT—DAMAGES.

In finding an established license fee under a patent as a basis for computing damages for infringement, the law does not require that all license fees should have been for exactly the same amount at all times.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 581; Dec. Dig. ⬡319(1).]

Appeal from the District Court of the United States for the Southern District of New York.

Action by the Consolidated Rubber Tire Company and another against the Diamond Rubber Company of New York. Decree for plaintiffs (226 Fed. 455), and defendant appeals. Affirmed.

The decree of the District Court confirmed the report of the master finding that the infringement of the Grant patent, No. 554,675, beginning with the year 1905 and continuing until February 17, 1913, was "deliberate, continuous and wanton." The master also found that a minimum license fee of five cents per pound for rubber tire was established by the complainant and this license fee was adopted by the master as a fair measure of the damages sustained by the complainant on account of the infringement. At the rate of five cents per

pound upon 2,607,835 pounds of rubber tire used by the defendant, the amount due the complainant was found by the master to be $130,391.75.

The master also made an alternative finding to the third finding which is as follows: "Fourth. That the complainant be entitled to recover from the defendant as its damages on a reasonable basis amounting to five cents a pound on 2,607,835 pounds of rubber tire $130,391.75."

This report was reviewed by Judge Learned Hand upon exceptions filed by the defendant and a careful opinion considering all the questions now mooted was rendered with the result that he not only agreed with the master as to the amount awarded but added thereto $50,000, "to pay the costs of the litigation and give the plaintiffs smart money, in addition to the actual damages, as damages." He also added $26,869.89 as interest. 226 Fed. 455.

On this appeal taken by the defendant from the decree entered upon the master's report, to quote from defendant's brief: "The only questions in the case are as to what damages, if any, the plaintiffs are entitled to recover, and (if damages are to be recovered) from what date interest is to begin to run."

Charles Neave, of New York City, for appellant.

Charles W. Stapleton, of New York City (George W. Wickersham, of New York City, of counsel), for appellees.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). [1] Few patents have been subjected to such violent and persistent attacks as the Grant patent in suit. For 18 years it has been discussed by the Supreme Court, Circuit Courts of Appeal and many District Courts and the efficacy and value of the invention have been, of late years at least, almost universally recognized. Naturally the owners of the patent have been put to great expense and annoyance by this bitter and persistent attack upon their property. In such circumstances the courts should not be zealous to deprive the plaintiffs of the fruits of their victory. If doubts arise, they should be resolved against those who have deliberately infringed the patent, even after the Supreme Court had told them it was valid. Without going further into the merits, it suffices to say that their conduct has not been such as to commend them to the court. A large part of the difficulty in reaching the exact facts has been due to the defendant's conduct. We think the finding of the master that there was a minimum license fee of 5 cents a pound established during the infringement period is amply sustained by the proof. It certainly cannot be argued that such a sum was exorbitant and it seems to us entirely reasonable. If the defendant did not like the price it should not have infringed.

[2] The law does not require that all of the license fees should be for exactly the same amount at all times. Sulphite Co. v. De Grasse, 193 Fed. 653; 113 C. C. A. 521; Packet Co. v. Sickles, 86 U. S. (19 Wall.) 611, 22 L. Ed. 203. The principal questions in controversy have been so thoroughly covered by the master and the District Judge that we deem it unnecessary to add further to the report and the opinion. An established minimum license fee of 5 cents per pound has been proved and we see no reason why this license fee should not be regarded as a reasonable royalty also. In any view a correct result has been reached.

The decree is affirmed with costs.