## UNITED STATES v. McGRANE.

(Circuit Court of Appeals, Third Circuit. February 8, 1921.)

No. 2622.

1. **Courts ⊜426—Jurisdiction of suits to recover additional compensation for property requisitioned for war purposes not repealed.**

    The provision of Act Aug. 10, 1917, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii), conferring on the District Courts jurisdiction of suits by owners of property requisitioned thereunder to recover additional compensation, was not repealed by Act March 2, 1919, c. 94 (Comp. St. Ann. Supp. 1919, §§ 3115¹⁴/₁₅a–3115¹⁴/₁₅e).

2. **Courts ⊜426—Jury ⊜18—District Court has jurisdiction of claim for additional compensation for property requisitioned, regardless of amount in controversy, and plaintiff has right to jury trial.**

    In a suit in a District Court under Act Aug. 10, 1917, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii), to recover additional compensation for property requisitioned for war purposes, the court has jurisdiction, regardless of the amount involved, and the plaintiff in such suit is entitled to trial by jury as in ordinary actions at law.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action at law by James B. McGrane against the United States. Judgment for plaintiff, and the United States brings error. Affirmed.

Isaiah Matlack, of Trenton, N. J., for the United States.

James B. McGrane, of Philadelphia, Pa., and James Mercer Davis and John A. Riggins, both of Camden, N. J., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and LYNCH, District Judge.

BUFFINGTON, Circuit Judge. In this case, James B. McGrane, a citizen of Pennsylvania, brought suit in the United States District Court for the District of New Jersey, against the United States. McGrane, as appears from the record, owned land in New Jersey. The government, under power which both government and McGrane conceded was vested in it by section 10 of the Act of Congress of August 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii) seized and took title to said land for storage purposes. The compensation fixed by the President, under the terms of the act, not being satisfactory to McGrane, he brought this suit in the District Court, where the cause was tried by jury, verdict rendered, and judgment entered thereon in his favor. Thereupon the government sued out a writ of error to this court.

We state the question involved in the case, by using the language of the counsel of the United States, as found in their brief, viz.:

"The question presented is whether the United States District Court for the District of New Jersey, in a suit for the recovery of just compensation for land requisitioned under section 10 of the Act of August 10, 1917, (40 Stat. § 10, c. 53, p. 279), has jurisdiction to hear and determine the cause, and whether the defendant in error was entitled to trial by jury, either by virtue of the Seventh Amendment to the Constitution or by reason of the provisions of the act. The District Court held in the affirmative on each issue. This, the defendant submits, was error.

"I. Section 10 of the Act of August 10, 1917 (40 Stat. p. 279), giving jurisdiction to the United States District Court was superseded by the Act of March 2, 1919 (40 Stat. p. 1272 [Comp. St. Ann. Supp. 1919, §§ 3115¹⁴/₁₅a–3115¹⁴/₁₅e]), and the United States District Courts have no jurisdiction to hear suits under section 10 of the Act of August 10, 1917.

"II. The amount sued for is in excess of $10,000 and therefore without the jurisdiction of the United States District Court."

[1] Turning to the first question, we inquire whether section 10 of the Act of August 10, 1917, was repealed by the Act of March 2, 1919, 40 Stat. p. 1272. After due consideration, we are of opinion it was not, and our reasons for so holding we now state:

In the first place, the act of 1919 nowhere states or evidences a purpose to repeal the act of 1917. The statute of 1917 was one of war necessity, and, under its provisions, acts of inclusive scope had been done, and property of large value had been taken by the government, and unadjusted liabilities of great amounts were in process of adjustment when the act of 1919 was passed. By the act of 1917, jurisdiction had been "conferred on the United States District Courts to hear

and determine all such controversies," namely, those arising under the act. No suggestion is now made, and in the absence thereof we are justified in concluding that none were or could have been made to Congress, that the jurisdiction thus conferred by Congress on the District Courts was unsuitable in process or had proved unsatisfactory in performance. In the absence, therefore, of any call for changing that jurisdiction, and in the absence of any expression or implication in the statute to repeal, supersede, or affect the act of 1917, and in view of the fact that such widespread change in the statute of the then accrued war claims under it would naturally and reasonably have been evidenced in express enactments, and not be left to implication, we cannot attribute to Congress, and to the act of 1919, an intent to repeal the statute of 1917. This conclusion is supported by the further consideration that the particular department of the government to which was intrusted the enforcement of the act of 1917, continued after the act of 1919 was passed on March 2, 1919, to act under the law of 1917, for on May 31, 1919, the award was made to McGrane, an award authorized by the act of 1917, and one that had no basis of support save section 10 thereof, and a practice by a department is, where long enough continued, an interpretation of a law. United States Fidelity Co. v. Commonwealth, 186 Fed. 290, 108 C. C. A. 331. citing Stuart v. Laird, 1 Cranch, 308, 2 L. Ed. 115.

Moreover, it is clear to us, both from its own terms and from our taking judicial note of the situation at the close of the war, that the act of 1919 was passed to meet conditions wholly different from those that had arisen under the act of 1917. By the act of 1917 authority had been given to government officials to do certain things, to make awards, and to pay for what the government got. But the purpose of the act of 1919 was to enable the government, acting by the Secretary of War, to make settlements in cases where matters had been undertaken in good faith, though possibly without express or sufficient authority. The act of 1919 was in the nature of a validating one, and its purpose was to enable settlements to be made where no existing provision for settlement already existed. To turn such a validating, enabling, and enlarging statute into a repealing statute would be to run counter to the spirit and purpose which led to its passage. For this additional reason we are clear section 10 of the act of 1917 was not repealed by the act of 1919.

[2] Such being the case, did the District Court err in allowing the case to be tried by jury? As we have seen, Congress in said section allowed the United States to be sued, by these words:

"The person entitled to the amount * * * shall be entitled to sue the United States to recover such further sum," etc.

And, having thus provided for a suit against the United States, Congress conferred jurisdiction of such suit upon the District Courts in these words:

"Jurisdiction is hereby conferred on the United States District Courts to hear and determine all such controversies."

Now, it will be noted that the act of Congress nowhere provided for any particular form of trial, or indicated in any way a purpose to deprive the person whose property was taken of that most prized of rights, trial by jury. In the absence of expressed purpose to so deprive, can we impute to Congress a purpose either to shear the claimant of that right or to curtail the power of the District Courts to proceed by jury trial to hear and determine the controversy? If, as here contended, the government is to forbid the citizen a jury trial, the burden is upon it to show constitutional warrant and express legislative enactment to warrant such deprivation. Indeed, to our mind the purpose, and the sole purpose, of Congress in this section, simply was to grant the claimant the right to sue the United States, and to then vest jurisdiction in the District Court to hear and determine the allowed suit. Such being the case, Congress having permitted the United States to be sued, and McGrane having brought his suit, that suit stood as any other case between suitors, namely, one to determine and recover from a defendant the value of property for which unascertained value the defendant was confessedly liable.

In such a suit, how was the court to hear and determine the controversy? Issues in the District Court are determined in certain causes, equity, admiralty, and bankruptcy, by a judge, and in others by the combined work of judge and jury. Which method did Congress have in view when it enacted "jurisdiction is hereby conferred on the United States District Courts to hear and determine all such controversies"? Certain it is the jurisdiction was not committed to a judge, or to the court sitting as a judge. It was committed to the District Courts without limitation, and common practice and common sense alike suggest that Congress had nothing else in view than a jury trial.

Finding, as we do, that by the above section Congress, in the instances cited, of which the present plaintiff's was concededly one, conferred jurisdiction upon the District Courts without respect to the amount involved, we are clear that such conferred jurisdiction was in no way affected or restricted by the $10,000 limitation contained in section 24, paragraph 20, of the Judicial Code (Comp. St. § 991 [20]).

The judgment below is affirmed.