## WINE RY. APPLIANCE CO. v. ENTERPRISE RY. EQUIPMENT CO.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1928.

No. 4782.

1. Patents ⊚⟞328—Reissue 15,360, for door-locking means for railway dump cars, held invalid as to claims 4, 5, 6, and 7, and not infringed as to claim 19.

Cremean reissue, No. 15,360, for means of locking door for railway dump cars, held, invalid as to claims 4, 5, 6, and 7 on account of prior art, and not infringed as to claim 19.

2. Patents ⊚⟞328—1,434,953, for door-locking means for railway dump cars, held valid and infringed as to claim 2 and invalid as to claim 3.

Kadel patent, No. 1,434,953, involving a means for door-locking for railway dump cars, held valid, not anticipated, and infringed as to claim 2, and invalid as to claim 3.

3. Patents ⊚⟞191—Failure of patentee to make or sell patented device does not affect right to exclude competitors.

That patentee has never made or sold pattented device is not controlling on question of patent infringement, and does not affect right to exclude competitors.

4. Patents ⊚⟞310(7¾)—Answer alleging that defendant made and sold devices before commencement of infringement suit admitted infringement.

Defendant's answer in patent infringement suit, that it had made and sold devices before commencement of suit, should not be construed as referring to a time before the patent issued, but should be taken as an admission of infringement, where device was of an infringing character.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by the Wine Railway Appliance Company against the Enterprise Railway Equipment Company for infringement of patents. Decree for defendant, and plaintiff appeals. Affirmed in part, and reversed in part, with directions.

Suit by appellant for infringement of Cremean reissue, No. 15,360, May 23, 1922, and Kadel, No. 1,434,953, November 7, 1922, upon door-locking means for railway dump cars.

Gilbert P. Ritter, of Washington, D. C., and Chares W. Owen, of Toledo, Ohio (Owen & Owen, of Toledo, Ohio, and Ritter & Mechlin, of Washington, D. C., on the brief), for appellant.

Joseph Harris, of Chicago, Ill. (George I. Haight and Haight, Adcock, Haight & Harris, all of Chicago, Ill., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and ANDREW M. J. COCHRAN, District Judge.

DENISON, Circuit Judge. [1] The District Court found no infringement of either patent. We speak of appellant and appellee as plaintiff and defendant, respectively. In view of the accumulation of undecided cases, we state in this case only our conclusions, in form sufficient, it is thought, for the information of counsel.

Claim 19 of Cremean is not infringed. The principles of lever action do not permit us to find a fulcrum located on the weight.

We hesitate to think that claims 4, 5, 6, and 7 of Cremean can be valid and yet not be infringed, for defendant's departure in form is that mere reversal of parts which does not avoid even a narrow claim. The parts involved are functionally ratchet and pawl. The claims put the pawl on member *A* and the ratchet on member *B;* the defendant reverses them; and, excepting in the detail affected by the Kadel patent, does nothing else.

It was a common expedient to provide a door with a two-step latch. The member carrying the step feature, serving as the ratchet, might be either the door or the frame. Several applications of this had been made to the hinged tailboard reaching the bottom of a wagon box, intended for carrying dirt, coal, etc., which would fall out or could be pushed out when the tailboard or door swung down and open. These disclose in different forms the use of a pivoted and swinging hook as one of the engaging members. Sometimes the steps were provided by notches upon this hook. Sometimes the pivoted hook was attached to the wagon box and the door made step by step engagement. Sometimes suitably notched swinging hooks were attached to the door and made successive engagements with a fixed stop upon the wagon box. When we exclude from consideration the presence in the patented combination of an efficient fulcrum point provided on the hook (or at least not upon the swinging door), as we must because defendant does not use it, we find nothing in the Cremean patent but the application of this familiar device to a swinging door in the bottom of a railway freight car (Eng.—waggon) intended for carrying coal. Sizes and strains and weights were different. The acceptance by the public is impressive; but the case seems to use so clearly one of a purely analogous use, with merely mechanical adaptation, that we think these claims must be held invalid.

Claim 3 of Kadel is drawn rather broadly to a construction which, compared with Cremean specifically and the earlier art generally, is merely that reversal of parts which counsel for the plaintiff has convincingly argued does not amount to invention. It must be deemed invalid.

[2] Kadel's claim 2 is confined to his specific construction, and, in view of the selection by defendant of this particular form out of the variety of forms open to it, we are not satisfied to say that it involved no invention. Instead of extending from the outer end edge of the swinging door some appropriate form of bracket or extension carrying ledges or notches for successive two-step engagement with the swinging hook, he uses a piece of ordinary channel iron having one of its flanges attached to the outer face of the door and projecting beyond its end, making the web of the channel iron to be at right angles to the door and the other flange to be parallel to the door and two or three inches away. He then employed these already existing flanges of the channel iron as his two successive engaging ledges. This was simple but ingenious. The construction plainly, is cheap, strong, and efficient. Channel iron had always been familiar, but, during the years of experimenting with this type of device, no one had ever thought of using it. It does not appear that it had ever been used as a two-step engaging member in any art. We consider this claim valid.

We also think defendant does not escape infringement by the change which it has made. Kadel places his pivoted engaging hook adjacent to the open side of the channel iron. For his final step, the hook swung under what would then be the bottom or outside flange of the channel; for his first step, it swung into the open side of the channel, engaging the upper flange thereof. The claim calls for "a hook pivoted upon the car and arranged to seat in either flange of the said channel, the hook being so arranged and proportioned that when seated beneath one of the said flanges the door will be held in a partly closed position, and when seated beneath the other flange the door will be held in a fully closed position." The defendant reverses its channel so that the open side is away from the hook. For the final step the hook seats beneath the lower flange of the channel precisely as in the Kadel, except from the other side; to accomplish the first step, defendant cuts an opening in the channel web, through which opening the hook projects to a position beneath the upper flange. It is true that this opening is placed slightly down from the lower side of the upper flange, so that the hook does not directly engage this upper flange but rather the upper edge of the opening in the web. No purpose is apparent in this unnecessarily awkward and expensive construction, unless it be to escape infringement; and it fails in this purpose. The claim does not literally require that the hook shall successively bear against the under surface of the two flanges, if in some other equivalent way it is seated beneath them. For all functional purposes, the slight portion of the web against which the hook bears is a part of the upper flange, and the hook does not fail to be seated beneath it because it is also a slight distance below. It is true that defendant does not use the ordinary rolled channel. It constructs a rather complicated bracket; but the part which projects and co-operates with the hook has the characteristic web and flanges, and is a channel.

[3] That plaintiff has never made or sold this Kadel form is not controlling. It has the right to exclude competitors from this form while it markets others—whatever its reasons may be.

[4] Considering the purpose of interrogatories, the defendant's answer that it had made and sold the devices before suit commenced should not be construed as reasonably referring to a time before the patent issued; but it should be taken as an admission of that conduct which is infringement if the device is of infringing character.

The decree should be affirmed as to the Cremean patent, and, as to the Kadel patent, should be reversed, with the direction to enter the usual infringement decree upon claim 2. Since by this appeal and our decree the validity of claim 2 is finally adjudged, we think that, before the decree for injunction and accounting is entered, and within a reasonable time to be fixed by the court below, there should be a disclaimer under claim 3. The master should also be instructed to find and report a reasonable royalty, for use if the court should decide it to be the appropriate measure. Appellant will recover one-half the costs of this court; costs in the court below will be fixed by that court.