L. P. LARSON, JR., COMPANY *v.* WM. WRIGLEY, JR., COMPANY

No. 603. Argued April 26, 1928.—Decided May 14, 1928.

*Messrs. Charles A. Aldrich* and *George I. Haight,* with whom *Messrs. Chester D. Kern, Ralph L. Peck,* and *Charles R. Aldrich* were on the brief, for petitioner.

The remedy of the Wrigley Company for the recovery of taxes paid by it is provided by statute and this remedy is exclusive.

The action of the Court of Appeals deprives petitioner of its opportunity to use the special remedies provided by Congress in its system of corrective justice. It is opposed to the statute, the rules and regulations thereunder, and to the holdings of this court.

Income and excess profits taxes are an excise tax upon respondent's doing of corporate business and are not deductible under principles of equitable accounting in determining the profits awarded petitioner.

The action of the Circuit Court of Appeals in deducting the excess profits and income taxes paid by respondent on account of the infringing business, will result in a wrongful double taxation of petitioner, and is otherwise unconscionable and contrary to well-established legal principles.

*Mr. Isaac H. Mayer,* with whom *Mr. Wallace R. Lane* was on the brief, for respondent.

In ascertaining the net profits of an infringer, the federal income and excess profits taxes paid by him are deductible like any other expense necessarily incurred in the conduct of the infringing business. *Galveston Electric Co.* v. *Galveston,* 258 U. S. 388; *Sly Mfg. Co.* v. *Pang-*

*born Corp'n,* 276 Fed. 971, affirmed, 284 Fed. 217; *Mac-Beth-Evans Glass Co.* v. *Smith Glass Co.,* 23 F. (2d) 459; *Ransome Machinery Co.* v. *Moody,* 282 Fed. 29; *Neeson* v. *Sangamon County Mining Co.,* 316 Ill. 397; *Kaufman* v. *Bowers,* 11 F. (2d) 662; *Malleable Iron Range Co.* v. *United States,* 62 Ct. Cls. 425, certiorari granted, 273 U. S. 688.

Respondent should be allowed to deduct the amount of federal taxes which it actually paid on the infringing profits.

MR. JUSTICE HOLMES delivered the opinion of the Court.

There has been long litigation between the parties in this suit, the last stage of which appears in 20 F. (2d) 830. The Wrigley Company was ordered to account for net profits on sales of its 'Doublemint' gum in a package dress that infringed the Larson Company's 'Wintermint' gum package. During the accounting, questions arose that were decided by the Circuit Court of Appeals. To review one of these questions a writ of certiorari was granted by this Court. That question is whether, as held below with modifications that need not be mentioned, the Wrigley Company should be allowed to deduct the federal income and excess profits taxes from the profits with which it is to be charged.

No doubt there are cases in which such a deduction would be proper. But the question cannot be answered by the merely formal reply that if the Larson Company chooses to make the Wrigley Company its agent or trustee *ex maleficio* and to demand the profits made by the agent it must take the burden with the benefit and can have no more than the agent made in fact. To call the infringer an agent or trustee is not to state a fact but merely to indicate a mode of approach and an imperfect analogy by which the wrongdoer will be made to hand over the pro-

ceeds of his wrong. Circumstances will affect the con-clusion, including in them the knowledge and the conduct of the party charged. It would be unjust to charge an infringer with the gross amount of his sales without allow-ing him for the materials and labor that were necessary to produce the things sold, but it does not follow that he should be allowed what he paid for the chance to do what he knew that he had no right to do. That is the position of the Wrigley Company as we understand the findings in the successive stages of this suit. 253 Fed. Rep. 914, 916. 275 Fed. Rep. 535, 537, 538. 5 F. (2d) 731, 739. 20 F. (2d) 830, 831. Even if the only relief that the Wrigley Company can get is a deduction from gross in-come when the amount of its liability is finally deter-mined, the Larson Company will have to pay a tax on the Wrigley profits when it receives them, and in a case of what has been found to have been one of conscious and deliberate wrongdoing, we think it just that the further deduction should not be allowed.

*Decree as to allowance of federal taxes reversed.*