## VAN METER v. UNITED STATES.

District Court, W. D. New York. January 10, 1930.

Melville Church, Clarence Des Jardins, and C. C. Calhoun, all of Washington, D. C., for plaintiff.

Herman J. Galloway, Asst. Atty. Gen., Harry E. Knight and Robert H. Young, Sp. Assts. to Atty. Gen., and Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y., for the United States.

HAZEL, District Judge. This action at law comes before the court following its decision in equity, holding the Van Meter patent, No. 1,192,475, for parachute apparatus (claim 2 as limited by the disclaimer), valid and infringed by defendants. 27 F.(2d) 170 (D. C.). A trial with jury has been waived and the facts stipulated upon which the liability of the government is based.

The Irving Air Chute Company, which manufactured the infringing parachute for the government, has, since the decision was rendered, taken a license from plaintiff on payment of royalties and continues to produce parachutes in pursuance thereof.

The right of an inventor to hold the United States exclusively liable for recovery of reasonable and entire compensation for the unlicensed manufacture or use of his patent by the United States was conferred by the Act of June 25, 1910, as amended by the Act of July 1, 1918 (35 USCA § 68). Its benefits, however, were not available to all inventors in the government service. Patentees generally were barred from enforcing liability for infringement against a contractor making or selling the invented article to the United States; and, as substantially said by the Supreme Court in Richmond Co. v. U. S., 275 U. S. 331, 48 S. Ct. 194, 72 L. Ed. 303, by the amendment the contractor was relieved entirely from liability for infringements of patents in manufacturing anything for the government and allowing the patentee or his assigns to recover reasonable and entire com-

pensation from the government for such use and manufacture. The special act of Congress (43 Stat. pt. 2, p. 1601, c. 587) removed the disability of plaintiff, who was an officer in the airplane service of the United States, and authorized examination and adjudication of his claim of infringement.

■ Counsel for the government contends that plaintiff's recovery, however, must be limited to an amount not exceeding $10,000, and that the court is without jurisdiction to award a larger amount.

This action concededly was not in tort, for, since the government has assumed liability for appropriating plaintiff's property under the power of eminent domain, the right unquestionably implies compensation under the contract for the appropriation to the use and benefit of the public. Crozier v. Fried-Krupp, 224 U. S. 290, 32 S. Ct. 488, 56 L. Ed. 771; Tempel v. U. S., 248 U. S. 121, 39 S. Ct. 56, 63 L. Ed. 162. In argument it is premised that, as the grant by the special act removing plaintiff's disability to enforce the liability was based upon an action in this court or in the Court of Claims, the proceeding is controlled and limited by the jurisdictional conditions of the Tucker Act (28 USCA § 41(20), and hence the adjudicated compensation cannot exceed the limited amount, regardless of the intendment of the Acts of 1910–1918 (35 USCA § 68), providing for payment of his reasonable and entire compensation for use and manufacture of the infringing parachute.

I am not in agreement with this interpretation of the enabling statutes. Neither the Acts of 1910–1918 (35 USCA § 68) nor the special act removing plaintiff's disability to sue the United States contains any limitations as to the amount of recovery. No condition or restriction is imposed by implication or spirit. I find therefore, as did the Circuit Court of Appeals for the Third Circuit in U. S. v. McGrane, 270 F. 761, in its consideration of an analogous provision of the statute, that the compensation herein is not controlled by the limitation contained in the Tucker Act (28 USCA § 41(20). See also U. S. v. Pfitsch, 256 U. S. 547, 41 S. Ct. 569, 65 L. Ed. 1084.

■ Plaintiff claims the accounting period starts from January 1, 1919, and continues to August 15, 1925, when this action was begun; while defendant contends that the accounting should be had from September 18, 1920, when notice of infringement was given the defendant, and, further, that plaintiff was without title to the patent in suit from April 19, 1924, to March 9, 1925. It appears that plaintiff assigned his patent to Jacob Bayler Van Meter on April 19, 1924, the assignment to continue for a period of two years; that on March 9, 1925, the assignee reassigned the patent to plaintiff, together with all claims arising from the infringement, and all claims which had accrued to him on account of the manufacture and use of the parachute patent. The reassignment, therefore, vested plaintiff with the same right to recover for infringments that Jacob Bayler Van Meter possessed under the act of 1918 (35 USCA § 68). Although ordinarily the reassignment would not carry with it the right to recover for infringement under section 3477, R. S. (31 USCA § 203), still I think a strict enforcement of the requirements is not applicable to the instant case. In Richmond Co. v. U. S., supra, it was held that section 3477, R. S. (31 USCA § 203), does not apply to an assignee claiming against the United States under the Acts of 1910–1918 (35 USCA § 68), providing for recovery of entire compensation to which plaintiff would have been entitled except for his government employment. The special act allowing the suit to be brought does not, it is true, in terms assume entire liability; but I nevertheless think that plaintiff was given the beneficent rights conferred generally under the acts heretofore mentioned. Under section 4900, R. S. (35 USCA § 49), a patentee, as a condition precedent to recovery, must give notice of the asserted infringement of his invention; but the notice of infringement to the United States Air Service submitted September 18, 1920, was, I hold, a sufficient compliance with the statute to enable the recovery of damages from January 1, 1919, or the time when the manufacture of parachutes for the United States began. The failure to mark them with the word "patented" does not bar recovery, for the evidence shows that the parachute at such time was not in physical existence for marking. None had been manufactured and none sold when the action was brought, or on September 18, 1920, or prior thereto. Dunlap v. Schofield, 152 U. S. 245, 14 S. Ct. 576, 38 L. Ed. 426.

■ The case is peculiarly one wherein a reasonable royalty may be adopted as a basis of recovery. I do not think that the manufacturer's profits, realized on sale to the United States of parachute packs, and profits realized on sale of extra parts of the infringing combination totaling, as plaintiff claims, $139,758.74, and, as defendant claims, $114,390.03, should, in either case, control the award or amount of royalty to be paid by the

government.[1] The asserted damages or net profits, however, are an aid, together with additional conceded facts as to what would be, without indulging in speculation, a fair and reasonable royalty for the use of the patented invention. Plaintiff's testimony tends to show that a royalty of $25 per parachute, 3,691 in number, amounting to $92,275, or approximately 7 per cent. of the total sales price of the infringing pack supplied to the United States during the accounting period, would not be unreasonable; while defendant's witnesses expressed the opinion that $6 per parachute would constitute fair and reasonable remuneration. Defendant's witnesses, however, did not consider in their estimate that the patent in suit disclosed a new combination of elements and that the patentee was entitled to a fair range of equivalents, nor the possibility of increasing the sales price to compensate for the payment of royalties. They apparently rejected from their consideration the parachute proper, and considered as a basis merely certain new parts which plaintiff had added to known elements, and hence their testimony is not of controlling weight. On the other hand, the stipulated license agreement between plaintiff and the Irving Air Chute Company, whereby a royalty of $25 or 10 per cent. of the sales price of $350, and $10 on sales of the parachute pack to other users at a price less than $275, is likewise not binding as to the measure of damages. In fixing a royalty for infringement, the court, as ruled in Dunkley Co. v. Cent. Cal. Canneries Co. (C. C. A.) 7 F.(2d) 972, and in Consolidated Rubber Co. v. Diamond Rubber Co. (D. C.) 226 F. 455, affirmed (C. C. A.) 232 F. 475, should be conservative as to the amount. Neither expert witnesses nor royalty on settlement of past infringements is absolutely controlling, since the royalty paid by the Irving Company was based, not only on an exclusive license, but also upon unlimited rights as to territory and exportation. It was not an established royalty. Diamond, etc., Co. v. Brown (C. C. A.) 166 F. 306. It cannot form the actual basis for measuring damages inflicted by a user. Rude v. Westcott, 130 U. S. 152, 9 S. Ct. 463, 32 L. Ed. 888. It should also be borne in mind that after all the United States

was a mere user of the pack—indeed the principal user—and its usefulness was chiefly due to such use, which involved the expenditure of much time, labor, and money in testing it. Plaintiff's parachute was crude and had never been used except in experiments wherein a weight was dropped from an airplane; while, on the other hand, the device produced by the Irving Company and used by the government was in a higher state of perfection and considered safer and more serviceable.

In Berdan Firearms Co. v. U. S., 156 U. S. 552, at page 573, 15 S. Ct. 420, 427, 39 L. Ed. 530, the Supreme Court awarded 5 per cent. of the minimum cost to manufacture the infringing gun; and there, as here, no customary royalty was evidenced. In determining the royalty the court considered that the infringing structure was devised by an employee of the government, and, after pointing out the slight difference between the infringing gun and the patentee's, stated that reasonable royalty is not infrequently in the nature of an arbitrary determination.

In the instant case the evidence and relevant facts and circumstances, in my opinion, warrant such a determination. I think a royalty of $12.50 on each apparatus bought or used by the government would be fair and reasonable. The stipulation of facts, page 7, discloses that on January 1, 1919, to August 15, 1925 (the accounting period), the manufacturer sold and delivered to the United States 3,691 parachute packs, substantially similar to Plaintiff's Exhibit No. 3, and embodying the invention described and included in claim 2 of the patent in suit as modified by the disclaimer. The royalty at the rate of $12.50 per apparatus amounts to $46,137.50, for which plaintiff may have judgment.

---

[1] In the findings I have not included any deduction of profits arising from federal taxes paid by the Irving Air Chute Company, nor the expense of a foreign trip. The income tax item was not, I think, a deductible expense (see Larson, Jr., Co. v. Wm. Wrigley, Jr., Co., 277 U. S. 97, 48 S. Ct. 449, 72 L. Ed. 800), nor was the second which involved the possibility of selling parachutes to foreign governments.