## BYERS MACH. CO. et al. v. KEYSTONE DRILLER CO.

No. 5433.

Circuit Court of Appeals, Sixth Circuit.

Nov. 5, 1930.

H. B. Fay, of Cleveland, Ohio (Fay, Oberlin & Fay and Harold B. Hood, all of Cleveland, Ohio, on the brief), for appellants.

F. O. Richey, of Cleveland, Ohio (Philip E. Siggers, of Washington, D. C., and Richey & Watts, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and HICKS, Circuit Judges, and SIMONS, District Judge.

SIMONS, District Judge.

This case involves alleged infringement of a ditching or excavating machine manufactured by the plaintiff and claimed to be protected by four patents, the patent to Clutter, No. 1,317,431, the patent to Wagner, No. 1,476,121, the patent to R. R. Downie, No. 1,511,114, and the second Downie patent, No. 1,543,250. Substantially all of the claims of the patents in suit are challenged on the ground of invalidity because of anticipation or lack of invention, and infringement is denied, except in the case of the second Downie patent, in respect to which infringement is admitted, coupled, however, with the claim that it involves an element of the device not important to its function, and copied inadvertently.

In order to have a broad, general view of the controversy, it is important to understand that the plaintiff's commercial machine, which it is claimed is protected by the patents, is, in its fully developed state, a digging machine operating upon the principle of a mechanical hoe or mattock, as distinguished from mechanical shovels, scoops, rakes, or skimmers. Its claimed outstanding advantages are that it can be operated successfully in digging in rock and other hard materials; that it can be operated with accuracy during both the digging and unloading operations by one man control; that it is a unitary structure that can be moved instantly in any one of four directions; that it is able to pick and break through a large percentage of rock that is usually found in fields of digging operations; and that it has thereby achieved important new results and improved old results in the trench-digging art.

The basic patent is the one to Clutter. If this patent is valid, it is entitled to a breadth of construction permitted to pioneers in any art. The other patents in suit relate to improvements in the several elements of the Clutter device of the class which usually follow the disclosure of new instrumentalities in their evolution toward perfection in doing the work originally contemplated. Admittedly the inventions involved in the patents in suit are combinations of old elements, but out of the combinations it is claimed there resulted a device capable of obtaining an entirely new result, and that the patentees contributed a machine of great usefulness and value to the industry.

Of the Clutter patent only claim 4 is alleged to be infringed. This claim discloses an excavating machine with (a) a pivoted boom, (b) a scoop-carrying member pivotally connected therewith, (c) a pulling member for elevating and lowering said boom, (d) a pivotal means carried by the boom and connecting the pulling member therewith and said scoop-carrying member, (e) a scoop connected with the scoop-carrying member and projecting toward the boom, and (f) a pulling member connected with said scoop. The patentee states that his invention relates to an excavating machine, and has for its object the provision of a simply constructed and operated mechanism for holding, elevating, and emptying the scoop, and which may be attached to any suitable machine available for the character of the work referred to, and points out more specifically that his invention consists mainly in the arrangement of the scoop, the scoop-carrying member, and boom

for the two pulling members, making it possible for the operator to extend the scoop beyond the end of the boom, to raise or lower the boom, or fill the scoop by manipulating the two pulling members. The patent is now challenged on the ground that its two principal advantages, (1) the ability to pick or break into hard ground, and (2) the ability to accurately spot the scoop over a given point for discharge, were not disclosed by the patentee. To this the plaintiff makes answer that all of the advantages of the Clutter device are not recited in the patent, but since all necessarily result from the operation of the machine, it was not necessary to recite them; that claim 4 sufficiently describes two pulling members which placed the monopoly of control in the hands of one operator, which is one of the main advantages claimed for Clutter. This court has held that the patentee is entitled to the benefit of every function within the scope of the claim and actually possessed by his mechanism even if he does not note it at the time of patenting. Jackson Fence Co. v. Peerless Wire Fence Co. (C. C. A.) 228 F. 691. Precedents are there sufficiently cited.

The novelty of the Clutter structure, and the presence of invention therein, are further met with voluminous references to the prior art. It is sufficient to say of most of them that they contain elements incorporated by Clutter, but in combinations dissimilar and with not the same operative purposes; that reorganization of various prior machines in the light of the Clutter disclosure might now be successfully made to produce the Clutter result, but this cannot be the test of invention on the part of Clutter. Even the most apt reference, that of Rood, shows a different organization and a different method of operation, and it is perhaps quite clear that the Rood machine required two men for its operation. We think the Clutter patent shows both novelty and invention, and that claim 4 thereof is valid. The only question remaining with respect to it, in order to determine whether there has been infringement, is the breadth of construction that should be given to it in view of the Patent Office history of the claim.

In Clutter's original application some of the claims presented to the Patent Office, but not claim 4, were considered too broad, as reading upon the Cross, the Fairbanks, and the Rood patents in the prior art. Claim 4, however, was never limited. There was also some argument by the solicitor in respect to other claims of the patent, and by another

solicitor in the presentation of the application for the Downie patents, which arguments are now relied upon as an estoppel in respect to claim 4. We see no reason for imposing any such limitations on that claim as are now insisted upon. The solicitor's arguments of themselves set up no estoppel. Auto Pneumatic Action Co. v. Kindler (C. C. A.) 247 F. 323; Spalding v. Wanamaker (C. C. A.) 256 F. 530; Baltzley v. Spengler (C. C. A.) 262 F. 423; General Electric v. Mallory (C. C. A.) 298 F. 579. The record seems to be clear that when Clutter started to work there was no mechanical rock-breaking hoe or mattock in existence. (Rood and Fairbanks were used in level country and in soft loam only). That the defendants apparently copied the Clutter organization rather than the prior art is a tribute to its originality and utility. We think Clutter was a pioneer in this particular form or type of trench-digging machine, and that claim 4 is entitled to broad construction. Clutter used a linkage of two members, the linkage being carried by the boom and connecting the hoisting line both with the stick and the boom. The defendants used an angular link, equivalent to the Clutter linkage. All other elements in the claim are identical in the first two constructions of the defendants. The defendants' machines operate upon the Clutter principle, and realize all of the Clutter advantages and results. We conclude therefore that there is infringement.

The Wagner patent differs from the Clutter in that the link connecting the hoisting line to the ditcher stick is omitted, and the hoisting line is connected directly to the short end of the stick projecting above the boom. The witnesses agreed that the new attachment has a very much better spotting range. The defendants' third machine incorporated the Wagner disclosure. The fact that the plaintiff elected to make and sell commercially the Clutter construction, and not the Wagner construction, can be of no aid to the defendant. It has been said by this court that the patentee has a right to exclude competitors from one form of patented device while it markets others, whatever the patentee's reasons may be. Wine Railway Appliance Co. v. Enterprise Railway Equipment Co. (C. C. A.) 25 F. (2d) 236. We think that the plaintiff is entitled to relief as against the defendants' third machine on the basis of the claims of the Wagner patent.

It was the purpose of the first Downie patent to obviate some of the weaknesses of the Clutter device. The Clutter machine could spot the load accurately, but it could not dump it accurately. Clutter's construction was incapable of loosening a sticky clay load from the scoop without destroying the accuracy of the unloading process. The weaknesses of Clutter were eliminated by Downie by very ingenious combination of parts and the utilization of the momentum of the ditcher stick and boom in closing the scoop. If there were any doubt about invention in Downie, it would certainly be resolved by the fact that the Downie improvements to the Clutter device have presented to the industry its present commercially acceptable excavating machine, and that this commercial machine is what was copied by the defendant. Claim 6 is typical. It recites, (1) the boom, (2) the stick, (3) the hoisting line and its pulleys for controlling the stick and boom, and in conjunction with the weight of the boom causing outward movement of the lower end of the stick, (4) the scoop rigid and fixed throughout the cycle of operation, (5) the hauling line, (6) the bottom pivoted to the sides of the scoop with its axis transverse to the scoop and adjacent to the mouth of the scoop, and (7) the automatic latch. All of these elements participate in the momentum closing of the scoop, and all are important. We think the patent valid, and that all three of the defendants' constructions infringe.

Of the second Downie patent little need be said. Its main purpose was to eliminate the so-called blind spot in the unloading operation. This was accomplished by the adding of abutments or bumpers to the link connection with the ditcher stick. Defendants admit infringement of this patent, but plead that it was copied inadvertently and that it has now been abandoned. In view of the infringement of the other features of the plaintiff's machine covered by the first three patents, we hardly think the defendants' excuse persuasive.

There remains only the question of notice. Upon this matter an issue was framed and testimony presented in the court below. The District Judge found that there was no omission in that respect to warrant a finding of failure or neglect upon which to base a denial of relief to the plaintiff. We have examined the evidence bearing upon this issue, and see no reason to differ from the conclusion reached by the District Judge.

The decree is affirmed.