ENTERPRISE RY. EQUIPMENT CO. v. WINE RY. APPLIANCE CO.

No. 6640.

Circuit Court of Appeals, Sixth Circuit.

May 14, 1935.

M. K. Hobbs, of Chicago, Ill. (George I. Haight, of Chicago, Ill., on the brief), for appellant.

C. W. Owen, of Toledo, Ohio (Wilber Owen and Owen & Owen, all of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

On the former appeal this court held claim 2 of the Kadel patent, No. 1,434,953, valid and infringed. 25 F.(2d) 236. On the accounting had pursuant to the court's mandate after remand the District Court awarded damages to the appellee, owner of the patent, in a sum representing the profits made on sales of the infringing device from November 7, 1922—the date the patent was issued.

■ The patented device was never made or sold by the appellee or any licensee, and the first actual notice appellant had of the patent and its infringement was when the counterclaim was filed in this suit. The first question presented to us for decision is whether the period for which appellant should account for infringement begins as of the date of the issuance of the patent or as of the date of the giving of notice by the filing of the counterclaim. Both parties rely upon section 49 of 35 USCA (Rev. St. § 4900) quoted in the margin.[1] There is a diversity of opinion as to whether this statute applies to a suit for damages for infringement of a patent for a device which has never been made or sold by the patentee

or its licensees. Campbell v. Mayor, etc., N. Y. (C. C.) 81 F. 182, 184, Ewart Mfg. Co. v. Baldwin Cycle-Chain Co. (C. C.) 91 F. 262, and Olsson v. United States, 72 Ct. Cl. 72, 102, 103, hold that it does not, while Son v. Pressed Steel Car Co., 21 F. (2d) 528 (D. C. N. Y.), and Van Meter v. United States, 47 F.(2d) 192, 196 (C. C. A. 2), hold that it does. Dunlap v. Schofield, 152 U. S. 244, 14 S. Ct. 576, 38 L. Ed. 426, does not decide the question because it there appeared that the plaintiff made and sold the patented design. Reference is made by the parties to decisions on process patents which in their nature cannot be marked. In these there is also a diversity of opinion. See United States Mitis Co. v. Carnegie Steel Co. (C. C. Pa.) 89 F. 206; Carnegie Steel Co. v. U. S. Mitis Co. (C. C. A. 3) 90 F. 829; United States Mitis Co. v. Midvale Steel Co. (C. C. Pa.) 135 F. 103, 112; Wagner v. Corn Products Refining Co., 28 F. (2d) 617, 618 (D. C. N. J.); Churchward International S. Co. v. Bethlehem S. Co. (D. C. Pa.) 262 F. 438, 441, reversed on other grounds 268 F. 361; Parker Rust Proof Co. v. Ford Motor Co., 23 F.(2d) 502, 503 (D. C. Mich.). In the absence of a persuasive uniformity of decision, we give the statute a construction which seems to us to carry out its purpose. Viewing it in the light of the statute it succeeded, it seems to us to limit the remedy of a nonuser patentee who has not given notice of infringement to an injunction. The earlier statute provided "that in all cases where an article is made or vended by any person under the protection of letters-patent, it shall be the duty of such person to give sufficient notice to the public that said article is so patented, * * *." Act March 2, 1861, § 13, 12 Stat. 249. That statute required any person making or vending an article under the protection of letters patent to give the notice, whereas the present one requires that notice be given by all patentees and their assigns and legal representatives, and also by all persons making or vending the patented article. Thus under the earlier statute a

---

[1] "It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patented,' together with the day and year the patent was granted; or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

patentee who did not make or vend the article was not required to give the notice, but under the present statute the patentee, his assigns and legal representatives, must give it, whether they do or do not make or vend the article. This is the only difference between the two statutes, and in our opinion the amendment to the old statute as embodied in the new requires the patentee or his assignee who does not make or vend the article to give notice of the patent and limits the recovery for infringement thereof to damages sustained thereafter. As no notice was given in this case until the date of the filing of the counterclaim, the period of accounting began on that date.

 The appellant further contends that the court should have apportioned some of the profits from the sale of the infringing device to it and not awarded all of them to the appellee. The profits were derived from a single order given the appellant by the B. & O. R. R. Co. The proofs show that appellant obtained the order by agreeing to furnish the infringing device, and had it not done so the appellee would have made the sale. It appears, too, that the appellant's device derived its value—certainly for the purpose of the sale—from the inclusion therein of the invention. In this situation we think the appellee is entitled to recover all of the profits. Crosby Valve Co. v. Safety Valve Co., 141 U. S. 441, 454, 12 S. Ct. 49, 35 L. Ed. 809. The profits being susceptible of determination, no royalty should be awarded.

It was not error to refuse to allow a deduction from profits of 33⅓ per cent. for overhead. The selling of the infringing device was merely an incident to the appellant's regular business. The device was not manufactured by appellant but by another company for it, and it cannot justly claim a deduction of overhead expense from profits.

The refusal of the trial court to allow a deduction of income taxes paid by the appellant on the profits was based on Larson Co. v. Wrigley Co., 277 U. S. 97, 48 S. Ct. 449, 72 L. Ed. 800. The deduction was not allowed in that case because there was deliberate wrongdoing, but the opinion states that there may be cases where such deductions would be proper. An example is Stromberg Motor Devices Co. v. Detroit Trust Co. (C. C. A.) 44 F.(2d) 958, 965, where there had been no deliberate or will-

ful infringement. Another, it seems to us, is the case at bar. There was reason for a good-faith belief on the part of appellant that the patent was invalid or, if valid, not infringed. These questions were not determined finally in favor of the appellee until the decision of this court. We think the appellant should be allowed a credit on the recovery in the amount of income taxes paid by it on its profits from selling the device.

The decree of the District Court is reversed, and the cause remanded for the entry of a decree in an amount representing the profits derived by the appellant from the sale of the device after notice was given by the filing of the counterclaim, less the income taxes paid by the appellant thereon.