**CATHEDRAL ESTATES, Inc., et al., Plaintiffs-Appellees,**

v.

**The TAFT REALTY CORPORATION et al., Defendants-Appellants.**

No. 85, Docket 24721.

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1957.

Decided Dec. 12, 1957.

Hugh Meade Alcorn, Jr., Henry P. Bakewell, and R. Graeme Smith, Hartford, Conn., for appellants.

William Reeves, John S. Barton and Samuel A. Gilliland, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., and Sidney G. Kingsley, of Sylvester & Harris, New York City, for appellees.

Before SWAN, MEDINA, and WATERMAN, Circuit Judges.

PER CURIAM.

In a stockholders' derivative action, brought on behalf of Taft Realty Corporation, to set aside a conveyance of Hotel Taft, the principal hotel in New Haven, and to require the defendants, Hotel Taft, Inc., Samuel L. Lebis and Ruth Lebis, to account for earnings and profits arising from their operation of the hotel property, the plaintiffs obtained a judgment which this court affirmed. Cathedral Estates, Inc., v. Taft Realty Corporation, 2 Cir., 228 F.2d 85. Thereafter the defendants reconveyed the hotel, and filed an accounting in which they took credit for sums expended for federal and state income taxes and for legal services in unsuccessfully opposing the plaintiffs' suit. These credits, aggregating $268,673.64, were disallowed by Judge Smith, and judgment was entered requiring the defendants, Hotel Taft, Inc., Samuel Lebis and Ruth Lebis to pay said amount, with interest from March 31, 1956, to Taft Realty Corporation, the wronged corporation. This is the judgment now on appeal.

The appellants argue that they were not adjudged to be conscious and deliberate wrongdoers but were found merely to have "failed to sustain the heavy burden, placed on them by their fiduciary capacity as the majority interest in the corporation, of showing the entire fairness and corporate necessity of the transfer to themselves of the major asset of the corporation." Hence, they say, the rule of Larson, Jr., Co. v. Wm. Wrigley, Jr., Co., 277 U.S. 97, 48 S.Ct. 449, 72 L. Ed. 800, forbidding the deduction of income taxes does not apply to them. The argument is not convincing. In Judge Smith's original opinion, filed September 21, 1954, he stated that [157 F.Supp. 897] "The market value of the hotel, $815,000, was grossly in excess of the value received"; that the market value of the Annex "was substantially reduced by the separation and sale," and that a majority may not sell to itself "the principal assets of a corporation, effectively putting it out of the business for which it was formed, *in order to get rid of a minority.*" [Italics added.] The memorandum decision, filed March 22, 1957, supporting the present supplemental judgment states [157 F.Supp. 903]: "The transfer of the principal asset of the old corporation to the new wholly owned corporation, to eliminate the minority shareholders from participation in the hotel business is not the type of innocent wrongdoing for which tax credits are allowed on an accounting of profits in equity." Judgment is affirmed on the memorandum decision below.