WM. BROS BOILER & MFG. CO. (by change of name now Bros, Incorporated), Plaintiff,

v.

GIBSON-STEWART CO., Inc., Defendant.

Civ. No. 31158.

United States District Court
N. D. Ohio, E. D.

Sept. 6, 1961.

John F. Oberlin, Cleveland, Ohio, Andrew E. Carlsen and Douglas L. Carlsen, Minneapolis, Minn., for plaintiff.

Warley L. Parrott, Channing L. Richards, Charlotte, N. C., Albert R. Teare, Cleveland, Ohio, for defendant.

JONES, District Judge.

This matter now comes before me on defendant's objections to Special Master's report. The substantive basis for the objections of the defendant is plaintiff's failure to mark its products with the patent number applicable thereto, as required by Title 35 U.S.C.A. § 287, for a period of nine months following the issuance of the patent. It is defendant's position that failure so to mark deprives plaintiff of all right to recover damages for infringement prior to actual notice of infringement. Here the actual notice would be the filing of this suit, subsequent to the last infringing act.

Careful consideration has been given to the Special Master's report. It reflects the thoroughness of the Master's work and the care with which the recommendations were prepared.

As I read the statute involved, 35 U.S.C.A. § 287, notice may be given by marking the product with the patent number or by giving direct notice of the infringement to the alleged infringer. In this case the patent was issued September 16, 1952, but the patent number was not marked on the product until June, 1953. Thereafter the products were marked consistently. There were three sales of an infringing device made by this de-

fendant on October 3, 1952; October 30, 1953; and November 16, 1953.

■ I agree that the patentee should comply with the law respecting the marking of his patent or the giving of notice, or be foreclosed from exacting any tribute from infringers. But I find nothing in the statute which thus penalizes the patentee for failure to mark his patent within any specific or reasonable time after its issue. It is my view of the law, which seems plain enough, that unless and until the patentee marks his patent or serves actual notice upon an alleged infringer he can recover no damages. I find nothing in the statute requiring marking or notice within any period after issue as a condition for recovery of damages for infringement. The penalty for failure to do either is limited to denial of damages for infringement at any time prior to compliance with the requirements of the statute.

■ Accordingly, no damages will be awarded with respect to the first infringing sale, but the Master's recommendation will be adopted as to the two sales subsequent to June, 1953.

■ The defendant further objects to the recommendation by the Master that attorney fees be awarded to the plaintiff for the period July 1, 1959, through November 16, 1959. In that period the plaintiff was forced to oppose: 1) Appellant's (Defendant's) Third Motion to Stay Mandate; 2) Motion to Modify Mandate; 3) Petition to Recall and Modify Mandate; 4) Request for Stay of Institution of Accounting; 5) Request for Reconsideration in the Court of Appeals; and 6) Request for Hearing in the District Court. As a result of all these matters the proceedings were extended unduly and, as I think, unnecessarily in the light of prior proceedings and the decisions of this and other courts. The allowance is amply justified because of defendant's excessive and unnecessarily aggressive persistence in several attempts to re-open the case in the Court of Appeals, this Court, and before the Master. This is not, as I view it, to punish the defendant for defending its rights.

It well may be that it is beyond the authority of the Master to consider and recommend attorney fees, but since I have the facts before me and I have considered them fully, the recommendation of the Master in this respect will be adopted.

■■ As to the matter of taxing and awarding costs, it is the general rule that the prevailing party is allowed its costs or that the losing party pays all the costs, however, the matter is within the discretion of the court depending upon considerations of fairness. In this case the plaintiff's failure accurately to disclose the number of unmarked compactors sold put the defendant to the burden of refuting the plaintiff's disclosure and of establishing the accurate facts. Under modern practice the plaintiff should have disclosed fully and accurately the number of unmarked compactors sold. Its failure to do what I think was its duty, made necessary additional expense in obtaining the true facts. Recognition of this burden, or duty, thus put upon the defendant should be reflected in the allowance of such of the costs as reasonably might be attributed to the defendant's efforts. After due consideration my judgment is that the costs should be apportioned and allowed 75% against the defendant and 25% against the plaintiff. The allowance made to the Master as compensation must be regarded as part of the costs and will be made subject to the same division or apportionment as above.

Finally, the defendant excepts to the method adopted by the Master in determining compensatory damages. In the absence of satisfactory evidence as to defendant's operating expenses in connection with the sales made, the Master could not have determined the damages upon any other basis than he did and his finding will be adopted.

Accordingly, the objections are denied except as to the first infringing sale.