WM. BROS BOILER AND MANUFAC-
TURING CO. (By Change of Name
Now Bros, Incorporated), Plaintiff-Ap-
pellee,

v.

GIBSON-STEWART COMPANY, Inc.,
Defendant-Appellant.

No. 14861.

United States Court of Appeals
Sixth Circuit.

Jan. 21, 1963.

Channing L. Richards, Charlotte, N. C.
(Albert R. Teare, Cleveland, Ohio, of
counsel), for appellant.

Andrew E. Carlsen, Minneapolis, Minn.
(Douglas L. Carlsen, Minneapolis, Minn.
on the brief; John F. Oberlin, Cleve-
land, Ohio, of counsel), for appellee.

Before CECIL, Chief Judge, and Mc-
ALLISTER and MILLER, Circuit Judg-
es.

PER CURIAM.

In Gibson-Stewart Co. v. Wm. Bros
Boiler and Manufacturing Company, 6
Cir., 264 F.2d 776, this Court affirmed the
judgment of the District Court, holding
claims 1 through 4 of Patent No. 2,610,-
557 valid and infringed by the defendant·
appellant, Gibson-Stewart Co., and order-
ed the customary reference to a Master
for an accounting to ascertain the profits
and damages due by appellant to appellee.

Following remand to the District
Court, a Master was appointed, hearings
were held, and the Master's Report filed.
The findings and recommendations of the
Master were modified in part by the Dis-
trict Judge, and, as so modified, adopted
by him. This appeal followed.

The issue date of the patent was Sep-
tember 16, 1952. However, the patentee
did not until June 10, 1953, comply with
the marking provisions of Section 287,
Title 35 United States Code, which pro-
vide that in "the event of failure so to
mark, no damages shall be recovered by

the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice." During that period the patentee sold 17 of the unmarked patented articles. The present action was filed on June 24, 1954.

Sales of an infringing device were made by defendant on October 3, 1952, October 30, 1953, and November 16, 1953. The Master, for reasons not necessary to review here, ruled that the patentee was entitled to recover damages for the three infringements, but the District Judge limited the claims to the two infringing sales made subsequent to June 10, 1953, when the statutory marking provisions were complied with. The defendant contends that plaintiff's failure to comply with the marking provisions of the statute for the period of approximately nine months after the patent was issued and its sale of unmarked patented articles during that period bars the plaintiff from relying upon the constructive notice provided by the statute with respect to any infringing sales, even though its provisions were thereafter complied with and the infringing sales occurred after such compliance. Plaintiff contends that the bar is applicable only to infringing sales which occurred prior to compliance.

 The District Judge stated in making his ruling that he was of the opinion that unless and until the patentee marks his patent or serves actual notice upon an alleged infringer he can recover no damages, but that he found nothing in the statute requiring marking or notice within any period after issue as a condition for recovery of damages for infringement. He ruled that the penalty for failure to do either was limited to denial of damages for infringement at any time prior to compliance with the requirements of the statute. We concur in the ruling, which, in our opinion, is supported by the better reasoning.

 The Master found damages in the amount of $1,192.50 from the second infringing sale and in the amount of $582.-50 from the third infringing sale, for a total of $1,775.00. These amounts were arrived at by using defendant's gross profits on the infringing machines as the measure of recoverable damages. These findings were accepted by the District Judge. Defendant contends that this was error in that damages should have been based upon lost profits or a reasonable royalty under the provisions of Section 284, Title 35 United States Code. That section provides with respect to damages, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

It appears, however, that defendant's relevant records were not produced by defendant and were not available for examination and the Master was presented with no evidence upon which lost profits or a reasonable royalty could be based, with the result that the Master made a finding of the infringer's gross profits against which deductions would be allowed if clearly established by the infringer. The Master pointed out, "The defendant has shown no good reason, and has furnished the Master with no satisfactory accounting figures why the gross profits should not be taken into consideration as a measure of damages, in the absence of any other suitable measure." This Court held in Enterprise Ry. Equipment Co. v. Wine Ry. Appliance Co., 77 F.2d 159, 161 C.A.6th, that if profits are susceptible of determination, no royalty should be awarded. See also: Crosby Steam Gage & Valve Co. v. Safety Valve Co., 141 U.S. 441, 454, 12 S.Ct. 49, 53, 35 L.Ed. 809. We concur in the ruling of the Master and the District Judge. Decker v. Smith, 225 F. 776, 780–781, 783, D. C.N.Y.; Westinghouse Co. v. Wagner Mfg. Co., 225 U.S. 604, 618, 620, 622, 32 S.Ct. 691, 695, 696, 697, 56 L.Ed. 1222.

The District Judge allowed interest on the damages award from the date of the last infringing sale of November 16, 1953, rather than from the date of the Master's Report of May 11, 1961. We agree with appellant's contention that this was error. Tilghman v. Proctor, 125 U.S. 136, 160–161, 8 S.Ct. 894, 907, 31 L.Ed. 664; Crosby Valve Co. v. Safety Valve Co., supra, 141 U.S. 441, 457–458, 12 S.Ct. 49, 54, 55.

We find no merit in other contentions of appellant with respect to allowance of attorney's fees and costs. Sections 284 and 285, Title 35 United States Code; Livesay Window Company v. Livesay Industries, 251 F.2d 469, 475–476, C.A. 5th; General Tire & Rubber Co. v. Fisk Rubber Corporation, 104 F.2d 740, 741, 748–749, C.A.6th, cert. denied, 308 U. S. 581, 60 S.Ct. 101, 84 L.Ed. 487.

The judgment is modified with respect to the allowance of interest as herein stated, and, as so modified, is affirmed.