**Lenore K. MULLER, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 90–CV–759.**

United States District Court, N.D. Ohio, E.D.

June 29, 1992.

Patrick McLaughlin, Mansour, Gavin, Gerlack & Manos, Cleveland, OH, Mark L. Hoffman, Shaker Heights, OH, for plaintiff.

William J. Kopp, Office Of The U.S. Atty., Cleveland, OH, Sharla Cerra, U.S. Postal Service, Washington, DC, for defendant.

### ORDER

SAM H. BELL, District Judge.

The United States, as prevailing party in the above-captioned cause, has filed a request for taxation of certain costs incurred in the course of defending against plaintiff's claim, pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. 1920. The government requests reimbursement of costs incurred in copying papers and exhibits necessarily obtained for use in this case, and for costs of preparing plaintiff's deposition, which was

used extensively at trial, in a total amount of $534.55.

Plaintiff has filed an objection to the government's request, asserting that plaintiff's age, physical incapacity for work, and limited income, when viewed against the comparatively vast economic resources of the government, make an award of costs to the government in this case unreasonable and unfair.

Fed.R.Civ.P. 54(d) states, in pertinent part, that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs". The term "costs" as used in Rule 54(d) is defined by 28 U.S.C. 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). The provisions of 28 U.S.C. 1920 specifically allow for costs to be taxed against the non-prevailing party for "exemplification and copies of papers necessarily obtained for use in the case". While not specifically enumerated in 28 U.S.C. 1920, courts have generally held that the statute also allows for costs of preparing depositions that are reasonably necessary for the litigation. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.1989).

It is well established that the matter of allowance of costs is within the discretion of the district court. *National Transformer Corp. v. France Mfg. Co.*, 215 F.2d 343, 362 (6th Cir.1954). In particular, this discretion encompasses the power to *decline* to tax as costs those items enumerated under 28 U.S.C. 1920. *Crawford Fitting Co., supra*, 482 U.S. at 442, 107 S.Ct. at 2497. In determining whether costs should be allowed the court must consider the equities and public interests at stake. *County of Suffolk v. Secretary of Interior*, 76 F.R.D. 469, 472 (E.D.N.Y. 1977). The assessment of costs against the non-prevailing party must be tempered by considerations of fairness. *Wm. Bros Boiler & Mfg. Co. v. Gibson–Stewart Co.*, 202 F.Supp. 6, 7 (N.D.Ohio 1961), modified on other grounds, 312 F.2d 385 (6th Cir. 1963).

Factors that are often weighed in the determination of whether to impose costs are the financial need of the prevailing party for reimbursement, and the burden that the imposition of costs would have on a non-affluent, non-prevailing party. *County of Suffolk, supra,* 76 F.R.D. at 473; *Black Hills Alliance v. Regional Forester,* 526 F.Supp. 257, 258 (D.C.S.D.1981). In addition, the court should remain aware of the possible inhibitive effect that the imposition of costs might have on future litigants, who may thereby be discouraged from bringing suit, "no matter how meritorious they might in good faith believe their claims to be". *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964), disapproved on other grounds, *Crawford Fitting Co., supra; County of Suffolk, supra; Black Hills Alliance, supra.*

In view of the above, the court finds that an assessment of costs in the present case would be unduly burdensome to the plaintiff, and only of nominal benefit to the government. Although plaintiff did not prevail in this action, her claim was neither frivolous nor vexatious, and it presented several close issues of fact and law. Under the present circumstances, the imposition of costs upon the plaintiff would have an unwarranted punitive effect. Further, it might tend to inhibit future claimants who are similarly situated from pursuing otherwise colorable claims against the United States.

For these reasons, the government's request for reimbursement of costs is denied.

IT IS SO ORDERED.