**FLORIDA KEYS CITIZENS COALITION, INC., et al., Plaintiffs,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants,**

Nos. 04–23175 CIV., 04–23175 CV.

United States District Court,
S.D. Florida.

Aug. 23, 2005.

The Honorable Paul C. Huck, United States District Judge, David P. Reiner, II, Reiner & Reiner, Miami, FL, for Plaintiffs.

Pamela S. Tonglao, United States Department of Justice, Environmental Defense Section, Washington, DC, for the United States.

Mark A. Brown, United States Department of Justice, Wildlife & Marine Resources Section, Environment & Natural Resources Div., Washington, DC, for the United States.

Thomas K. Snodgrass, United States Department of Justice, Natural Resources Section, Environment & Natural Resources Div., Washington, DC, for the United States.

Daniel D. Richardson, Lewis, Longman & Walker, P.A., Jacksonville, FL, for FDOT.

Kenneth G. Spillias, Lewis, Longman & Walker, P.A., West Palm Beach, FL, for FDOT.

## ORDER AFFIRMING REPORT AND RECOMMENDATION

HUCK, District Judge.

THIS CAUSE comes before the Court upon the Report and Recommendation of the Honorable Andrea M. Simonton, United States Magistrate Judge, regarding the United States' Corrected Bill of Costs and the Report and Recommendation regarding Defendant-Intervenor's Motion for Costs. The Court has reviewed Magistrate Judge Simonton's Report and Recommendation as to both the United States' and the Florida Department of Transportation's Motion for Costs. The Court has also reviewed Plaintiffs' objections thereto and pertinent portions of the record. In addition, a telephonic hearing on issues raised in Plaintiffs' objections to the magistrate judge's recommendations was held on this date. Pursuant to the rulings made at the telephonic hearing, it is

ORDERED AND ADJUDGED that the Report and Recommendation of Magistrate Judge Simonton regarding th United States' Bill of Costs [DE # 107] and the Report and Recommendation of Magistrate Judge Simonton regarding the FDOT's Motion for Costs [DE # 106] be RATIFIED, AFFIRMED, and made the Order of the District Court.

## REPORT AND RECOMMENDATION RE: THE UNITED STATES' CORRECTED BILL OF COSTS

SIMONTON, United States Magistrate Judge.

Presently pending before the Court is the United States' Corrected Bill of Costs (DE # 98, filed 4/25/05). This motion is

referred to the undersigned Magistrate Judge (DE # 100). This motion is fully briefed (DE ## 99, 101). For the reasons stated below, the undersigned recommends that the motion be granted in part.

## I. *Background*

On December 20, 2004, Plaintiffs filed their Initial Complaint asking the District Court to enjoin permanently the United States from proceeding with a highway project in the Florida Keys.[1] On March 15, 2005, Plaintiffs supplemented their Complaint. Plaintiffs challenged the decision-making processes and ultimate decisions which led to the approval of the highway project by federal agencies. On April 1, 2005, after a non-jury trial, the Court concluded that Plaintiffs had failed to prove any of their claims against Defendants, denied relief to Plaintiffs. The District Court then entered final judgment against Plaintiffs and in favor of Defendants (DE ## 95, 96).

The instant motion followed.

## II. *The Instant Motion*

The United States, as a prevailing party, moves for $27,497.92 In costs pursuant to 28 U.S.C. § 1920 and Local Rule 7.3. Specifically, the United States requests $2,240.10 in court reporter fees in order to obtain deposition transcripts of persons identified as witnesses by Plaintiffs and FDOT. The United States also requests a total of $25,257.82 for making six copies of the administrative record compiled by Defendant, the United States Army Corps of Engineers (hereafter Corps) (DE # 98).

## III. *Analysis*

### A. *The United States Is Entitled To An Award of Costs*

F.R.C.P. Rule 54(d)(1) allows costs to the prevailing party as a matter of course.

It is undisputed that the United States is a prevailing party in this action, and as such, the United States is entitled to an award of costs. *Gilchrist v. Bolger*, 733 F.2d 1551 (11th Cir.1984) (District Court abused its discretion in denying costs to prevailing party, the Postmaster General, in an employment discrimination case without articulating a reason for overcoming the presumption that a prevailing party is entitled to costs); *Baez v. United States Department of Justice*, 684 F.2d 999, 1005–07 (D.C.Cir.1982) (en banc) (in case brought under the Freedom of Information Act, the District Court erroneously found that prevailing party, the United States, was *per se* not entitled to costs); *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1317–18 (D.C.Cir.1981) (in challenge to award of shipbuilding contract, District Court abused its discretion by denying costs to prevailing party the Secretary of the Navy without stating a reason).

Plaintiffs misplace their reliance on *Muller v. United States*, 811 F.Supp. 328 (N.D.Ohio 1992), to support their proposition that this Court has the discretion, for equitable reasons, not to award costs to the United States in this case (DE # 99 at 5). In *Muller*, the trial court denied the request of the United States for costs, as the prevailing party in a case brought under the Federal Tort Claims Act. The court found that the plaintiff's claim was colorable, and that assessing costs would be unduly burdensome to and have an unwarranted punitive effect on the plaintiff, would result in only a nominal benefit to the United States, and might tend to inhibit future claimants from pursuing otherwise colorable claims against the United States.

However, the Eleventh Circuit has made it clear that costs may be denied

---

1. All facts are taken from the District Court's     April 8, 2005 Order (DE # 96).

to a prevailing party only to penalize the prevailing party for some misconduct on its part during the litigation. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F.Supp.2d 1328, 1339 (M.D.Fla.2002), *citing Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir.2000) (en banc); *accord Gilchrist v. Bolger*, 733 F.2d 1551, 1556–57 (11th Cir.1984). Plaintiffs do not allege, and the undersigned does not find, any misconduct by the United States during this litigation, and there is no good reason to deny costs in this case.[2]

Plaintiffs also argue that since they would not have been granted costs against the United States if they had prevailed because the APA does not contain an explicit waiver of immunity by the United States for costs, it would be inequitable to allow the United States to receive costs against Plaintiffs (DE # 99 at 6). Plaintiffs are simply incorrect. If Plaintiffs had prevailed, they could have sought attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.*

■ Finally, Plaintiffs contend that awarding costs to the United States would be penal. However, the taxation of costs merely represents the fair price of bringing unsuccessful litigation. *See Baez v. United States Department of Justice*, 684 F.2d at 1003.

**B. *The Amount of Costs Awarded***

Title 28 U.S.C. § 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**1. *Fees Relating To Depositions***

The United States, pursuant to 28 U.S.C. § 1920(2), requests $2,241.10 in court reporter fees for the deposition transcripts of six prospective witnesses. Plaintiffs object to taxing these costs because:

---

**2.** The other cases upon which Plaintiffs rely are similarly unavailing in that they: do not construe 28 U.S.C. § 1920, *see Kell v. Trenchard*, 146 F. 245 (4th Cir.1906) (In a pre–28 U.S.C. § 1920 case, court held in dictum that a court has the discretion to apportion taxable costs with reference to the special circumstances of each case); do not support Plaintiffs' proposition, *see A–Cal Copiers, Inc. v. North American Van Lines, Inc.*, 180 F.R.D. 183, 191 (D.Mass.1998) (non-prevailing party may show that an award of costs is inequita-

ble if the requested expenses were either unreasonable or unnecessary, the prevailing party engaged in some misconduct or the motion for costs under 28 U.S.C. § 1920 is subject to a procedural defect); or conflict with later, binding authority from the Eleventh Circuit, *see Dasher v. Mutual Life Ins. Co. of New York*, 78 F.R.D. 142, 144 (S.D.Ga.1978) (court found, in passing, that it had broad discretion to allow or disallow costs enumerated in 28 U.S.C. § 1920) (DE # 99 at 5).

1) the United States did not notice these depositions; 2) the depositions were taken only because the United States had not yet filed the administrative record; 3) the United States subsequently filed the administrative record, moved to strike the depositions, and the motion was granted without opposition; and 4) the United States incurred these costs only for purposes of discovery and the depositions could not have been used at trial (DE # 99 at 3–6).

█ The undersigned recommends that the United States be awarded the requested $2,241.10 in court reporter fees for deposition transcripts. These depositions were noticed by Plaintiffs and by Intervenor FDOT. Moreover, Plaintiffs filed these deposition transcripts with the Court in support of their motion for preliminary injunction. *See* DE ## 57–61. Thus, the United States has shown that the depositions in question appeared to be reasonably necessary at the time they were taken, believing that these depositions would be offered at the hearing on Plaintiff's preliminary injunction motion. *See Desisto College, Inc. v. Town of Howey–in–the–Hills,* 718 F.Supp. 906, 912 (M.D.Fla.1989), *aff'd,* 914 F.2d 267 (11th Cir.1990).

### 2. *Photocopying Costs*

The United States requests $25,257.82 for photocopying six copies of the administrative record of the Corps of Engineers, one of the Defendants in this case. The United States also copied certain documents from the administrative record in preparation of Defendants' memorandum in opposition to Plaintiffs' Motion For Injunctive Relief.

█ 28 U.S.C. § 1920(4) provides for the taxation of costs for fees for exemplifi-

cations and copies of papers necessarily obtained for use in the case. Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable. *Desisto College, Inc. v. Town of Howey–in–the–Hills,* 718 F.Supp. at 913. Copies obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are not recoverable. *Id.* at 913.

### a. *The Costs Involved In Submitting the Administrative Record Are Taxable*

The undersigned finds that reproduction of the Corps' administrative record was necessary in this case as the basis for review under the APA. Indeed, the District Court ordered the United States to file and serve the administrative record in question, which the United States did. *See* DE ## 34, 43. The Corps' administrative record consisted of 23,421 pages. *See* Certification of Administrative Record at 2, attached to DE # 43.

The undersigned does not credit Plaintiffs' argument that costs relating to the production of the Corps' administrative are by the United States are not taxable because the administrative record in this case was an exhibit and 28 U.S.C. § 1920 does not authorize taxing the costs of exhibits. Plaintiffs have not provided any authority to support their position.

█ The undersigned is aware that the Eleventh Circuit has ruled that 28 U.S.C. § 1920 does not authorize taxing the costs of exhibits. *See Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.,* 249 F.3d 1293, 1296–97 (11th Cir.2001), *citing EEOC v. W & O, Inc.,* 213 F.3d 600, 623

(11th Cir.2000). However, in this case, the United States is not seeking to tax the cost of creating the Corps' administrative record. Here, the District Court ordered the United States to file the Corps' administrative record, which consisted of more than 23,000 pages. The United States did so, and also, pursuant to the Local Rules, provided a copy each to Plaintiffs and to Intervenor FDOT. Thus, as the District Court required the United States to copy approximately 70,000 pages, the United States is entitled to tax the reasonable copying costs thereof under § 1920(4).[3]

b. *Only The Cost of Copies of the Administrative Record Which Were Not Obtained For The Convenience of Counsel Should Be Taxed*

■ The United States asks to be awarded the costs for reproducing six copies of the Corps' administrative record. The undersigned recommends that the United States be awarded the costs for reproducing the three copies necessitated by the District Court's order that the United States filed the Corps' administrative record, i.e., the copy for the Court, the copy for Plaintiffs and the copy for FDOT. The undersigned find that the other three copies, made for 1) counsel of record for the Corps, 2) the Corps office of counsel in Jacksonville and 3) the Corps office in West Palm Beach, were not reasonably necessary and were made for the convenience of counsel. The United States possessed the original administrative record, and made copies for its use in litigation for its own convenience. The argument of the United States that it was necessary to

provide a copy to the Corps office of counsel in Jacksonville and a copy to the Corps permitting office in West Palm Beach (DE # 101 at 5–6), provides, instead, a clear example of copies made for the convenience of counsel in litigating this case. Therefore, it is recommended that the United States be awarded $12,628,91 for photocopying costs.

For the reasons stated above, it is hereby

**RECOMMENDED** that the United States' Corrected Bill of Costs (DE # 98, filed 4/25/05), be **GRANTED in part,** and that the United States be awarded costs in the amount of $14,870.01, consisting of $12,628,91 for photocopying costs, and $2,241.10 in court reporter fees.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the Honorable Paul C. Huck, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.), *cert denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir.1993).

**DONE AND SUBMITTED** in Miami, Florida, this 23rd day of June, 2005.

---

**3.** The undersigned agrees with the United States' statement that it showed its sensitivity to Plaintiffs' not-for-profit status by not requesting costs for copying the administrative records of the four other Defendant federal agencies whose actions were challenged in this case, thereby lessening the costs award against Plaintiffs (DE # 101 at 6–7, 8).